## GRAY v. BOARDMAN ET AL.

1. **Execution:** ACTION AUXILIARY TO: INTEREST IN LAND. Where defendant B. made advances to defendant V., with the *understanding* that he should be re-paid out of the profits of certain real estate which he purchased at the request of V., and that the remainder of the profits should be equally divided between them, *held* that, in the absence of any evidence that the arrangement was entered into to delay the creditors of V., he had no interest in the land which could be subjected to an execution against him. The most he had was an interest in the profits if any.

*Appeal from Marshall District Court.*

MONDAY, DECEMBER 11.

ACTION in equity, judgment for the defendants, and plaintiff appeals.

*B. W. Johnson* and *Caswell & Meeker*, for appellant.

*J. H. Blair* and *A. C. Daly*, for appellees.

SEEVERS, CH. J.—Counsel for the plaintiff say: "This is an equitable action auxiliary to execution, brought under sections 3150 to 3153 of the Code, to subject whatever interest the defendant, Varnum, may have (in certain described real estate) * * * * * * to the payment of certain judgments," the title to the real estate being in the defendant Boardman. The question, therefore, is whether Varnum has such an interest as can be thus subjected.

We find the facts to be, as to one forty acre tract of land, that in 1872 Boardman, at the request of Varnum, purchased certain real estate under an agreement with Varnum that he was to be paid his advances and interest when the land was sold, and the profits, if any, were to be equally divided between him and Varnum. All of the land thus purchased had been sold when this action was commenced, except forty acres, and the amount advanced by Boardman, with interest,

repaid him; so that the forty acres remaining unsold represented profits, and when converted into money, the latter should be equally divided between said parties.

Prior to the commencement of this action, Boardman loaned Varnum $100, and it was agreed between them in parol that Boardman should be repaid said money, with interest, out of Varnum's share of the profits aforesaid, when realized. Afterward, and prior to this action, Boardman purchased, at the request of Varnum, another parcel of land under substantially the same arrangement.

The forty acres first mentioned was included in this last arrangement. Varnum leased the land, or otherwise controlled it. Boardman has not been repaid the money advanced by him, and the land if now sold would, in all probability, sell for more than enough to pay Boardman. It is not claimed the arrangement between Boardman and Varnum is in any respect fraudulent, nor is there any evidence which tends to show it was made to hinder or delay the creditors of Varnum.

We are united in the opinion that Varnum has no interest in the land. His only interest is in the profits which may be realized when the land is sold; nor is he responsible for losses. The land is the property of Boardman. An interest in the profits of a venture is materially different from an interest in money or property. No profits may be realized. Varnum could not have partition of the land, simply because he has no interest which will entitle him thereto, and the plaintiff has no better right than Varnum.

AFFIRMED.